UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT J. EWART, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No.: CIV-15-155-JED-FHM |
| | ) |
| 1.  MOHAMED A. HALAC, and | ) |
| | ) |
| 2.  GREAT CARRIER, LLC, | ) |
| a Minnesota Transport Company, | ) |
| | ) |
|    Defendant. | ) |

## PLAINTIFF EWART'S FIRST MOTION(S) IN LIMINE

Comes now Gary A. Eaton, OBA #2598, attorney at law, and hereby submits Motion(s) in Limine as follows:

### Introduction

This is a negligence action wherein Plaintiff Ewart seeks damages for personal bodily injuries arising from a motor vehicle collision that occurred on January 12, 2013, in Pryor, Mayes County, Oklahoma, wherein Plaintiff Ewart's pickup truck that was stopped for a red light was struck in the rear by an "18 wheeler tractor-trailer unit" operated by Defendant Halac during the course and scope of work for Defendant Great Carrier.

Evidence of collateral facts which do not give rise to a reasonable inference of a principle fact in issue is irrelevant and thus inadmissible in evidence. *Nesbitt v. Home*

*Federal Savings & Loan Assoc.*, 440 P2d 738 (Okl. 1968); *Ross v. Otis Elevator Co.*, 539 P2d 731 (Okl. 1975).

Fed.R. Evid. Rule 401 (like *12 O.S. 2401*) provide that "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed.R. Evid. 402 provides that "Relevant evidence is admissible unless any of the following provides otherwise:

- the United States Constitution;
- federal statutes;
- these rules; or
- other rules prescribed by the Supreme court, and

Irrelevant evidence is not admissible"

Fed. R. Evid. 403 provides that: " The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion off the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence."

## Proposition 1.

**The District Court should exclude any and all evidence of and or comment(s) about Plaintiff EWART's history of driving offenses / traffic violations including but not limited to driving under the influence of alcohol, prescription drugs, and or illegal drugs**

Prior to and after the motor vehicle collision on January 12, 2013, that is the subject of this action, Plaintiff Ewart was involved in several other motor vehicle

incidents, including several incidents wherein he was charged with and convicted of operating a motor vehicle while under the influence of alcohol.

However, the District Court should exclude any and all evidence of and or references to Plaintiff EWART's history relating to these motor vehicle incidents because such evidence and or references are not relevant to any issue in the case and have far more potential for unfair prejudice than probative value.

The undisputed facts in this case establish that on January 12, 2013, Plaintiff EWART was driving his pickup truck and was stopped for a red light at an intersection, in Pryor, OK, when he was rear ended by Defendants' "18 wheeler tractor-trailer unit".

Furthermore, there is no evidence that Plaintiff was under the influence of alcohol, drugs, or any other chemical substances at the time of the motor vehicle collision that is at issue in this case.  Therefore, any and all evidence, comments, or references relating to his alleged use or abuse of alcohol or other intoxicating chemical substances, at any other place, or at any other time, has no probative value at the trial of this case.  Such evidence or information only has potential for unfair prejudice to Plaintiff.  See Federal Rules of Evidence, Rules 401, 402, and 403 and the Oklahoma counterparts, 12 O.S. §§ 2401, 2402, and 2403.

Furthermore, under well established Oklahoma law "... evidence of an automobile driver's negligence on other occasions, or of habitual or customary manner of driving, is inadmissible to prove negligence.  This for the reason that conduct at other times, and places are unreliable criteria for determining what a person's conduct was at a particular time and place."... *Harrod v Sanders*, 137 Okl 231, 278 P 1102; *McCarley v.*

*Durham*, 266 P2d 629; *Gillette Motor Transport, Inc. v. Kirby* 253 P2d 139; *Washita Valley Grain Do. v. McElroy*, 262 P2d 133; *Barger v. Mizel*, 1967 OK38, 424 P.2d 41.

## Proposition 2.

**The District Court should exclude Plaintiff EWART's history relating to any criminal offenses / violations including but not limited to driving under the influence of alcohol, prescription drugs, and or illegal drugs**

During the course of discovery in this action, information was discovered that Plaintiff EWART had prior convictions for alcohol related traffic offenses involving driving while under the influence of alcohol, but there is no evidence that Plaintiff EWART has ever pleaded guilty to, or been convicted of any felony crimes or any crimes involving dishonesty such as fraud, embezzlement, perjury, etc. Therefore, the District Court should exclude any and all evidence of and or references to Plaintiff EWART's history relating to any criminal offenses, including but not limited to driving under the influence of alcohol, prescription drugs, and or illegal drugs because such evidence and or comments are not relevant to any issue in the case and have far more potential for unfair prejudice than probative value. When the incident that is at issue in this case occurred, Plaintiff Ewart was lawfully stopped in the roadway for a red light and his motor vehicle was struck in the rear by Defendant Halac's "18 wheeler tractor-trailer unit", so it does not matter that at some other time(s), or place(s), he might have been negligent, or under the influence.

This proposition is supported by the legal authorities and citations cited in Proposition 1.

**Proposition 3.**

**The District Court should exclude evidence that any of Plaintiff Ewart's medical bills were paid, or will be paid, by collateral source(s).**

Under well established Oklahoma law, evidence of collateral benefit or source, such as plaintiff's health insurance or disability insurance, is inadmissible pursuant to 12 O.S. §§ 2401, 2402, 2403 and to the holdings of the Supreme Court of Oklahoma in *Huey v. Stephens*, 275 P2d 254 (Okl. 1954); *Porter v. Manes*, 347 P2d 210 (Okl. 1960); *St. Louis-San Francisco RR Co. v. McBride*, 376 P2d 214 (Okl. 1961).

Therefore, evidence or comment that some or part of Plaintiff Ewart's medical bills have been, and or will be paid. by his group health insurer is inadmissible.

The "Collateral Source Rules" is well established in Oklahoma law.  In Porter v Manes, 1959 OK 239, 347 P.2d 210, at pp 212, the Supreme Court of Oklahoma held as follows:

> "We will first consider the trial court excluding from consideration of the jury the proffered evidence that plaintiff had been reimbursed for his damages. Defendant did not plead that he had paid plaintiff nor did he plead payment had been made by a third person for and in his behalf. Payment, being an affirmative defense must be pleaded before it can be asserted as a defense. *Eysenbach v. Robert W. Hunt Co.*, 140 Okl. 138, 282 P. 295; *Ingram v. Oklahoma National Bank of Clinton*, 176 Okl. 544, 56 P.2d 406; and *Jones v. Cabaniss,* 185 Okl. 175, 91 P.2d 83. Since plaintiff did not plead nor offer to prove that he, or someone in his behalf, reimbursed plaintiff, we can only conclude that if plaintiff received reimbursement for the damages sustained, which he denied, that such reimbursement was from a collateral source, wholly independent of the defendant and not in his behalf.
>
> If reimbursement had been made to plaintiff, as contained in the proffered proof of defendant, from a collateral source, wholly independent of and not in behalf of defendant, this reimbursement could not inure to the

benefit of defendant, nor lessen the damage recoverable from him and evidence of the reimbursement is inadmissible. *Denco Bus Lines v. Hargis*, 204 Okl. 339, 229 P.2d 560; *Huey v. Stephens*, Okl., 275 P.2d 254. **We therefore hold the trial court did not commit reversible error in excluding from consideration of the jury, defendant's proffered evidence that plaintiff had been reimbursed for his damages** (emphasis added)."

## Proposition 4.

**The District Court should exclude evidence that Plaintiff Ewart has received or may receive disability insurance benefits, including Social Security benefits or any collateral benefits of any nature**

Prior to the motor vehicle incident that is the subject of this action, Defendant Ewart was gainfully employed as a machinist, in various manufacturing facilities in northeastern Oklahoma. During the pendency of this action, Plaintiff Ewart's back injuries ultimately caused him to be totally disabled from performing any kind physical labor. He even tried lighter duty type of physical work, but ultimately he became unable to work at lighter physical work.

This proposition is supported by the same legal authorities and citations set forth in Proposition 3 above.

## Proposition 5.

**The District Court should exclude evidence that Plaintiff Ewart has been involved in any motor vehicle incidents, except for the one that occurred on January 12, 2013, that is the subject of this action.**

Evidence that Plaintiff Ewart was involved in other motor vehicle incidents before and or after incident on January 12, 2013, that is the subject of this action is not relevant to issue of fault / negligence or causation of the incident. Such evidence is only relevant if

there is additional foundational evidence that Plaintiff sustained injuries / disabilities to the same or related parts of the body in such prior and or subsequent incidents.

Such evidence is not relevant to the issue of liability, and cannot be relevant to any other only except for causation and / or extent of injuries / disabilities in question in this case. (See *Hobbs v. Reed*, 465 P2d 780 (Okl. App. 1970)

**Proposition 6.**

**The District Court should not allow presentation of any evidence regarding whether Plaintiff was or was not wearing seatbelt.**

Provisions in the Mandatory Seat Belt Use Act state that nothing in the Act shall be used in any state civil proceeding and that this use of nonuse of seat bealts shall not be submitted into evidence in any state suit prevents any person from being penalized for choosing not to wear a seat belt, but the Act does not prohibit the introduction of evidenc of the use or nonuse of seat belts in an action under the manufacturers' products liability theory of recovery for a defective seat restraint system. *Bishop v Takata Corp.*, 12 P3d 495 (2000)

In *Fields v. Volkswagen*, 555 P2d 48 (Okl. 1976), the Supreme Court of Oklahoma addressed the issue of admissibility of evidence of a Plaintiff's failure to wear a seatbelt and stated in pertinent part as follows:

> ". . . At most the failure of the appellee to use    the seatbelt merely furnished a condition by which the injury was possible. It did not con-tribute to or cause the accident. It is well established in our court that if the negligence merely furnished a condition by which the injury was possible, and a subsequent act caused the injury, the existence of such a condition is not the   proximate cause of the injury. (See footnote 35. *Cheatham v. VanDalsem*, 350 P2d 593, Okl. 1960))

>Although there is a conflict in other jurisdictions who have been confronted with this issue, the majority of the cases hold that   the failure to use seat belts is not a defense to establish contributory   negligence or to reduce the amount of damages to the injured party. (numerous citations omitted for sake of brevity)
>
>In view of the lack of unanimity on a proper seat belt system, the lack of  public acceptance and in the absence of any common law or statutory duty, we find that evidence of the failure to use seatbelts is not admissible to establish a defense of contributory negligence or to be considered in mitigation of damages.   For the present time we await the direction  of the legislature."

Furthermore, 47 OSA Sec. 12-420 provides in pertinent part as follows:

"Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma."

## Proposition 8.

**The proper burden of proof in a civil case is "by a preponderance of the evidence" or the "greater weight of the evidence", and the District Court should exclude evidence of "proof to a reasonable degree of medical/scientific certainty".**

In *Robinson v. Oklahoma Nephrology Assoc.*, 2007 OK 2, 154 P.3d 12503, the Supreme Court of Oklahoma reversed the District Court's entry of judgment upon demurrer in favor of a defendant health care provider which was based upon a plaintiff's medical expert's failure to use the phrase "reasonable degree of medical probability" to describe the degree to which defendant physician's negligence caused plaintiff's injury.  In that case, the Court held in pertinent part as follows:

>"¶ 11 The trial court granted Integris's demurrer because no expert used the phrase **'reasonable medical probability'** to describe the degree to which Dr. Engles' negligence caused Mrs. Robinson's injury. That basis is too narrowly focused. Our case law requiring a medical malpractice

plaintiff to produce evidence that her injuries were caused by a particular physician's negligence has never required that she produce experts who will utter a particular magic phrase but has focused instead on the particulars of each case. While the plaintiff must present evidence to remove the cause of her injuries from the realm of guesswork, **she need not establish causation to a specifically high level of probability** (emphasis added) merely to withstand a demurrer to the evidence. Neese v. Shawnee Med. Ctr. Hosp., Inc., 1981 OK 37, ¶¶ 20-24, 626 P.2d 1327, 1331. 'Absolute certainty is not required.' McKellips, 1987 OK 69, ¶ 11, 741 P.2d at 471."

Similarly, in this case, the Plaintiff Ewart's medical / scientific expert, who is in fact also his treating physician(s) is not required to state his opinion to some degree of proof that is any greater than a "preponderance of the evidence".  This is particularly true with regard to a phrase such as "to a reasonable degree of medical / scientific certainty", which clearly expresses a higher degree of proof that "preponderance of the evidence.  Such language is particularly improper when posed to an expert witness, who has been trained in medical or scientific methodology, and to whom such a phrase means "certainty" or "exclusion of all other possible causes".  It is clear that such language misstates and imposes a greater or higher degree of proof than is applicable to the issues in a civil case.

## Proposition 9

**Oklahoma'a "Paid Only Version" of Evidentiary** *Rule 12 O.S. § 3009.1* **Violates the Oklahoma Constitution.**

The current versions of *12 O.S. § 3009.1* became effective November 1, 2011, and it is unenforceable and unconstitutional.

The statute purports to require that a defendant is only required to pay for "the actual amounts paid for any doctor bills . . . incurred in the treatment of the party."

A.

This statute is unconstitutional because it is special legislation that affects only personal injury litigation.

The Oklahoma Legislature's previous attempts at special legislation favoring defendants in personal injury litigation ran into trouble with the Oklahoma State Constitution, Art. 5, § 46, which states in pertinent part as follows:

> "The Legislature shall not except as otherwise provided in this
>  Constitution, pass any local or special law authorization:
>
> **Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts . . .**

In *Zeier v. Zimmer, Inc.*, 2006 OK 98, 152 P3d 861, the Supreme Court of Oklahoma, declared that

> "Under § 46 our constitutional review of a statute stops with the first prong: Is the statute a special or general law? If the state is special, § 46 absolutely and unequivocally prohibits its passage by the legislature . . . In other words, in § 46 our constitutional fathers isolated and set aside for protection against legislative tampering subjects to which general law must always be tailored . . . . In a § 46 attack the only issue to be resolved is whether a statute upon a subject enumerated in that section targets for different treatment less than an entire class of similarly situated persons or things."

The Supreme Court quoted Reynolds v. Porter, 1988 OK 88, 760 P2d 816, as follows

> "The terms of an art. 5, § 46 command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated person or things. In a special laws attack under art. 5, § 46, the only issue to be resolved is whether a statute upon a subject enumerated in the constitutional provision targets for different treatment less than an entire class of similarly situated persons or things. The test is whether the provision fits into the structured regime of established procedure as party of a symmetrical whole. If an enactment injects asymmetry, the § 46 interdiction of special law has been offended".

B. The statute erroneously treats the insured and uninsured equally

The statute treats persons who have health insurance differently than those without it. For an insured plaintiff, the measure of damages should be the discounted payment of his medical bills by his health insurer. Conversely, the uninsured plaintiff will receive the higher, billed rate from the insurance company. Either way, it is unfair because the insured plaintiff will receive the benefit of his bargain, but so will the defendant, who is actually getting the benefit of the insured plaintiff farsightedness and forbearance.

The defendant who happens to injure a well insured plaintiff will get an unearned and undeserved discount on the amount of damages he has to pay, all because the plaintiff bought health insurance to protect the defendant. I don't think so. This special law arbitrarily benefits defendants in personal injury lawsuits because they benefit, not injured plaintiffs when the injured plaintiff has health insurance which insures to the financial benefit of the negligent or culpable party and not to the plaintiff who purchased such protection.

C. The statute denies Plaintiff the right to due process and jury trial

The effect of the legislation is to deny the plaintiff the opportunity to present evidence to the jury that proves that full extent of his or her injuries. The Oklahoma Constitution is fully of guarantees of the person's right for have fair litigation. of litigation.

                    Attorney for Plaintiff
                    ROBERT J. EWART

                    <u>SS / GARY A. EATON</u>
                    Gary A. Eaton, OBA #2598
                    Eaton & Sparks
                    1717 East 15th Street
                    Tulsa, OK 74104
                    (telephone:  918 743 8781)
                    (facsimile:   918 744 0383)
                    (email:  garyeatonlaw@aol.com)

and

                    Gerald R. Lee, OBA 5335
                    Attorney at Law
                    117 South Adair
                    P.O. Box 1101
                    Pryor, OK 74362
                    (telephone:  918 825 2233)
                    (facsimile:   918 825 9275)
                    (email:     jerry@geraldrlee.com)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Motion in Limine as served on January 20, 2016 by filing the same in accordance with the District Court's CM/ECF filing system and rules, and by emailing or depositing the same in the United States mail, postage prepaid, to:

>Brad Roberson, OBA #18819
>Erin J. Rooney, OBA #31207
>Paul Kolker, OBA _____
>Pignato & Cooper
>Attorneys for Defendants Halac and Great Carrier
>119 North Robinson, 11th Floor
>Oklahoma City, OK 73012
>(telephone:  405 606 3333)
>(facsimile:   405 606 3334)
>(email:  brad@pclaw.org)
>(email:  erin@dpclaw.org)

_____
Gary A. Eaton