UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT J. EWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-15-155-JED-FHM |
| | ) | |
| 1. MOHAMED A. HALAC, and | ) | |
| | ) | |
| 2. GREAT CARRIER, LLC, | ) | |
| a Minnesota Transport Company, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF EWART'S RESPONSE TO DEFENDANTS'
FIFTH MOTION IN LIMINE
(INADMISSIBILITY OF MEDICAL BILLS / EXPENSES CLAIMED BY PLAINTIFF)**

Comes now Gary A. Eaton, OBA #2598, attorney at law, and hereby submits Plaintiff Ewart's Response in opposition to Defendants' Fifth Motion(s) in Limine to exclude evidence relating to certain medical bills as follows:

**Introduction**

1. Plaintiff EWART denies Defendants' claims that certain of his medical bills are inadmissible under *12 O.S. § 3009.1.*

2. Plaintiff denies that 12 O.S. § 3009.1 is applicable to this case because it is a rule of evidence under the Oklahoma Evidence Code, not the Federal Rules of Evidence, which govern the admissibility of evidence at trial in federal courts.

3. Plaintiff denies that *12 O.S. § 3009.1* is applicable to this case because it has no counterpart under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

3. Plaintiff denies that *12 O.S. § 3009.1* is applicable to this case because it is violative of the *Oklahoma Constitution, Article 5 Sec. 46* and *Articles 2 Secs. 6, 7,* and *19*, as well as the 14th Amendment to the U.S. Constitution.

**Statement of Facts**

4. *12 O.S. 3009.1* is unconstitutional because it is a prohibited special law because Article 5, Sec. 46 of the Oklahoma Constitution declares as follows:

> The legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing . . . changing the rules of evidence in judicial proceedings. . ."

5. A law is special if it confers particular privileges or imposes peculiar disabilities, or burdensome conditions in the exercise of a common right on a class of persons who have been arbitrarily selected from the general body of persons who stand in the same relation to the subject of the law. If the statute is a special law, it is absolutely ineffective and prohibited. The reasoning behind this principal is that "The manifest intention of our Constitution's framers was that all persons under the same conditions and in the same circumstances be treated alike and that the legislature be prohibited from tampering with limitations by fashioning special acts. The vice of special acts is that the create preferences and establish inequality." *Reynolds v. Porter* 1988 OK 88, 760 P.2d 816.

6. Therefore, the legal inquiry is to determine whether the statute singles out less than an entire class of similarly situated and affected persons for different treatment under the law. It is unconstitutional because it clearly changes the rules of evidence and expressly prohibits "changing the rules of evidence in judicial proceedings".

7. The class of persons affected by *12 O.S. Sec. 3009.1* is comprised of persons who file lawsuits claiming money damages for personal bodily injuries. The class is defined by *23 O.S. § 61.2,* which allows all injured plaintiffs who suffer bodily injuries to recover the cost of medical care, and *12 O.S. Sec. 3009.1* impermissibly carves out separate treatment for plaintiffs within that class by dividing them into several subclasses as follows:

(1) for insured plaintiff whose medical provider has not filed a lien for the difference between the amount that it billed and the amount paid by the plantiff's medical insurer, the amount of damages allowed to be admitted into evidence is only the amount paid by the medical insurer and not the actual amount billed by the medical provider.

(2) for insured plaintiff whose medical provider has filed a lien for the difference between what it was billed and the amount paid by the plaintiff's medical insurer the amount of damages allowed to be admitted into evidence is the full amount of plaintiff's medical bills, not just the amount paid by the medical insurer.

(3) plaintiff is uninsured and Dr. X agreed to accept the Medicare reimbursement rated for whatever treatment was provided to plaintiff; so at trial plaintiff can only submit evidence of the amount that Medicare would pay if there was applicable Medicare coverage which is much less than the actual amount of Dr. X's bill.

(4) plaintiff is uninsured, but Dr. X does not agree to accept the Medicare reimbursement rate for whatever treatment was provided to plaintiff, so at trial plaintiff can submit evidence of the full amount of Dr. X's bill.

8. The statute discriminates among the classes described above and prevents some of them from receiving the full measure of their damages, and violates the well establish "collateral source rule". The statute has the perverse effect of punishing those plaintiffs who have been prudent enough or fortunate enough to protect themselves by pur-chasing health insurance, rewarding some plaintiffs who did not have health

insurance, and rewarding defendants (and their insurers) by exposing them to lesser judgments if they happen to injure uninsured as compared to insured plaintiffs.

9. Prior to enactment of *12 O.S. Sec. 3009.1*, all plaintiffs who brought lawsuits for personal bodily injures had equal rights to present all their medical treatment bills under the same uniform standard, whether such medical bills were reasonable and necessary. The statute has now arbitrarily and impermissibly divided that statutorily defined class of people into several subclasses that are subject to significantly different legal treatment that favors defendants (and their liability insurers).

10. *12 O.S. Sec. 3009.1* has the same constitutional deficiencies that have already taken down several other statutes that were part of the so-called "2011 Tort Reform Package". More specifically, it is ultimately destined to be declared unconstitutional just like the "No Pay No Play law, *47 O.S. 2011 Sec. 7-116*".

11 *12 O.S. Sec. 3009*.1 is also unconstitutional because it in effect denies plaintiffs the right to due process and trial by jury. The Oklahoma Constitution has several provisions that guarantee judicial fairness to citizens of this state. Article 2, Sec. 6, provides that:

> "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

12. The Oklahoma Constitution, Art. 2, Sec. 27, provides in pertinent part that

> "No person shall be deprived of life, liberty,or property without due process of law."

13. The United States Constitution, Amend. 14, provides in pertinent part that:

". . . nor shall any state . . . deny to any person within its jurisdiction the equal protection of the laws . . . "

14. In *Zimmer v. Zimmer*, 2006 OK 98 (2006) the Oklahoma Supreme Court held that:

"This Court recognizes that a statute is the solemn act of the Legislature . In construing the constitutionality of a statute, we are not authorized to consider its propriety, wisdom, or practicability as a working proposition . . . Nevertheless, just as it is the responsibility of the Legislature to make law, and the Executive to carry those laws into effect, it is for the judiciary to interpret the same – we are the independent department of government charges with the responsibility of protection the constitution.'

15. Lastly the U.S. District Court has its own Federal Rules of Evidence which it should apply to litigation in its courts, not the Oklahoma Evidence Code. This is even more important when an unconstitutional rule from the state evidence code that is being urged upon it is so patently unfair and is expressly prohibited by the Oklahoma Constitution,

Wherefore Plaintiff prays the District Court to deny Defendants' Eighth Motion in Limine regarding *12 O.S. Sec. 3009.1*

Attorney for Plaintiff
ROBERT J. EWART

S/Gary A. Eaton, OBA #2598
Eaton & Sparks
1717 East 15th Street
Tulsa, OK 74104
(telephone:  918 743 8781)
(facsimile:   918 744 0383)
(email:  garyeatonlaw@aol.com)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff' Ewart's Response to Defendants' Eighth Motion in Limine was served on February 10, 2016, by filing the same in accordance with the District Court's CM/ECF filing system and rules, and by emailing or depositing the same in the United States mail, postage prepaid, to:

    Brad Roberson, OBA #18819
    Erin J. Rooney, OBA #31207
    Paul Kolker, OBA#18749

    Pignato & Cooper
    Attorneys for Defendants Halac and Great Carrier
    119 North Robinson
    11th Floor
    Oklahoma City, OK 73012

    (telephone: 405 606 3333)
    (facsimile: 405 606 3334)
    (email: brad@pclaw.org)
    (email: erin@dpclaw.org)

                                             S/Gary A. Eaton