# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT J. EWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-CV-155-JED-FHM |
| v. | ) |
| | ) |
| MOHAMED A. HALAC; and | ) |
| GREAT CARRIER, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the plaintiff's First Motion in Limine (Doc. 39) and the defendants' response (Doc. 53). The plaintiff's motion (Doc. 39) is **granted in part** and **denied in part**, as follows.

1. Propositions 1 and 2 of plaintiff's motion, which request the exclusion of evidence of prior traffic violations and convictions for driving under the influence (DUI), are **granted**. Federal Rule of Evidence 608(b) provides:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness is being cross-examined has testified about.

The defendants have not shown that any of the plaintiff's convictions were felony convictions or involved crimes involving an element of dishonesty or false statement, such as would be admissible under Fed. R. Evid. 609(a), and they have not indicated that such evidence has any other type of relevance to this case. The Court has reviewed the defendants' arguments regarding the plaintiff's alleged dishonesty or "cover up" as to prior DUIs and is not convinced

that such evidence is probative of plaintiff's truthfulness. In addition, the Court finds that any probative value of such evidence is substantially outweighed by a danger of unfair prejudice and confusion under Fed. R. Evid. 403.

However, the defendants may question plaintiff with respect to any representations by the plaintiff in the document submitted as Doc. 53-3, *without referencing any conviction or DUI*, as any misrepresentations by plaintiff in that document may be marginally relevant to damages under Fed. R. Evid. 401, 402. At this time, the Court reserves a ruling as to whether the document may be published to the jury and/or admitted into evidence.

2. In Propositions 3 and 4, plaintiff requests a broad pretrial order excluding all collateral source evidence. Those requests are **denied in part** at this time. Defendants note that plaintiff has complained of emotional distress from alleged financial hardship of being unable to pay medical bills, and such evidence is thus relevant to counter the allegation if plaintiff so testifies or presents evidence to that effect. Thus, if plaintiff claims such financial distress from unpaid bills, defendants will be permitted to offer evidence to counter that contention. *See Higgins v. State Auto Prop. & Cas. Ins. Co.*, 11-CV-90-JHP-TLW, 2012 WL 2571278 at *2, n.17 (N.D. Okla. Jul. 2, 2012).

3. Plaintiff's motion to exclude evidence of plaintiff's involvement in any other motor vehicle accidents (Proposition 5) is **denied in part**. While defendant Halac has admitted fault, plaintiff's other accidents, before and after the 2013 accident that is the subject of this suit, are potentially relevant to the issue of plaintiff's injuries and damages.

4. At this time, the Court **grants** plaintiff's request for pretrial exclusion of evidence of his use or nonuse of a seatbelt (Proposition 6). The Tenth Circuit has considered Oklahoma's seatbelt statute to have substantive policy underpinnings. *See Sims v. Great American Life Ins.*

*Co.*, 469 F.3d 870, 884-85 (10th Cir. 2006). There is hence an issue as to whether the current version of the statute, which provides for the admission of evidence of use or nonuse of a seatbelt but was not effective until September 10, 2013, could apply retroactively to the accident at issue in this case, which occurred months before on January 12, 2013. *See, e.g., Higgins*, 2012 WL 2571278 at *1 (noting that 2009 change in Oklahoma seatbelt law was after the accident at issue and therefore the 2009 change in law "cannot be applied retroactively to evidence regarding Plaintiff's accident").

The prior, similar version of the statute, which was enacted in 2009, was repealed by the Oklahoma Legislature after the Oklahoma Supreme Court invalidated numerous tort reform statutes for violating the "single subject" rule. *See Douglas v. Cox Retirement Properties, Inc.*, 302 P.3d 789 (Okla. 2013). Thus, as analyzed as to the timing of the January 2013 accident, the most recently lawful and effective version of the statute – i.e., the version that has not been found unconstitutional or been repealed – was effective in 2005. That version of the statute *prohibited* evidence of the use or nonuse of seat belts in a civil action, subject to products liability and other limited exceptions that had been noted by courts.[1]

Moreover, the Court notes that the defendants have not identified what specific evidence they intend to introduce on this issue or explained how such evidence is relevant, particularly in light of the fact that defendants have stipulated to fault. Their only argument for admission is premised upon the statute which was not effective until after the accident. Because the defendants have not (1) provided any argument or authorities to show that the September 2013

---

[1] The legislative history that defendants attached to their response brief reflects these statutory changes. (*See* Doc. 53-12). Specifically, to comply with the ruling in *Douglas*, in House Bill 1015 the Oklahoma Legislature repealed the 2009 amendment [*see* Section 1], reverted the statute back to the 2005 version [*see* Section 4], and then – effective September 10, 2013 – enacted a new, separate statute providing for the admission of evidence of use or nonuse of a seatbelt [*see* Section 5]. (*See* Doc. 53-12 at 1, 5-6).

seatbelt law applies retroactively to the January 2013 accident at issue here or (2) identified what evidence they intend to use or how such evidence is specifically relevant to any remaining question in this case, plaintiff's motion (Proposition 6) is **granted**.

      5.    Neither side has briefed what, specifically, they are seeking to exclude or include regarding "evidence of 'proof to a reasonable degree of medical / scientific certainty.'" (*See* Doc. 39 at 8, "Proposition 8"). The Court notes that, in most jurisdictions, including Oklahoma, such language has been commonly used in questioning physicians on issues of medical causation. However, the Court has no present intention of *instructing the jury* on any burden of proof other than the general civil burdens normally applied in a negligence case. The plaintiff's motion as to this issue is **denied** at this time.

      IT IS SO ORDERED this 6th day of July, 2016. [2]

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] Proposition 9 of plaintiff's Motion in Limine (Doc. 39 at 9) and defendants' Fifth Motion in Limine (Doc. 37) both involve arguments about the applicability of *Okla. Stat.* tit. 12, § 3009.1 to this case. The Court will address those motions together in a separate order.